UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND RODRIGUEZ (arrested and prosecuted
under the name RAMON RODRIGUEZ),

                         Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER DIEGO
JIMENEZ, SHIELD #: 14777, POLICE OFFICER
CLAUDIO A. VELEZ, SHIELD NO.: 004509 AND
OTHER UNNAMED POLICE OFFICERS,

                      Defendants.

**COMPLAINT**

DOCKET NO.:

**JURY TRIAL DEMANDED**

## Preliminary Statement

1.  This is a civil rights action brought to vindicate the plaintiff's rights under the Fourth and
    Fourteenth Amendments of the Constitution of the  United States, and under the Civil
    Rights Act, 42 U.S.C. §1983 and the laws of the State of New York.   Plaintiff
    RAYMOND RODRIGUEZ' rights were violated when police officers forcibly seize him
    while lawfully while in public, detained him, searched him, destroyed his cellphone which
    contained a recording of a police assault and fabricated criminal charges to justify the
    seizure and attendant arrest and imprisonment.   By reason of defendants' actions,
    including their failure to follow proper procedures, and their unreasonable conduct,
    plaintiff was deprived of his constitutional and common law rights.

2.  Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331,
    1343.  This action is brought pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and
    Fourteenth Amendments of the Constitution of the United States.

4.  Venue is proper pursuant to 28 U.S.C. §1391 (b) in that plaintiff's claim arose in the
    Southern District of New York and plaintiff resides in that district.

5.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

6.  The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C.
    §1367, over any and all state law claims and causes of actions which derive from the same
    nucleus of operative facts and are part of the same case or controversy that give rise to the
    federally based claims and causes of action.

## PARTIES

7.  The Plaintiff RAYMOND RODRIGUEZ resides and at all times hereinafter mentioned,
    resided at 50 East 172nd Street in Bronx County, State of New York.

8.  Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized

under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

9.    POLICE OFFICER DIEGO JIMENEZ, SHIELD #: 14777, POLICE OFFICER CLAUDIO A. VELEZ, SHIELD NO.: 004509 AND OTHER UNNAMED POLICE OFFICERS (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT (the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.   The Individual Defendants are being sued herein in their in their individual and official capacities.

10.   At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.   They were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT

3

and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

## INCIDENT

11.     The events upon which these actions are based occurred on August 23, 2013 and continue to July 11, 2016 with the malicious prosecution of Plaintiff.

## FIRST CAUSE OF ACTION

12. On or about August 23, 2013, at approximately 3:00 A.M., POLICE OFFICER DIEGO JIMENEZ, SHIELD #: 14777, POLICE OFFICER CLAUDIO A. VELEZ, SHIELD NO.: 004509 AND OTHER UNNAMED POLICE OFFICERS forcibly seized and detained Plaintiff herein in the area of 42 Elliott Place (44th Precinct) in Bronx County.

13. Defendants falsely alleged that Plaintiff and others present were acting disorderly, obstructing governmental administration and falsely alleged that Plaintiff committed other crimes.

14. POLICE OFFICER DIEGO JIMENEZ, SHIELD #: 14777, POLICE OFFICER CLAUDIO A. VELEZ, SHIELD NO.: 004509 AND OTHER UNNAMED POLICE OFFICERS pursued Plaintiff and Plaintiff's friends and physically apprehended Plaintiff

4

and his friends for the purpose of intimidating Plaintiff and his friends and to exert control and force over Plaintiff.

15. POLICE OFFICER DIEGO JIMENEZ, SHIELD #: 14777, POLICE OFFICER CLAUDIO A. VELEZ, SHIELD NO.: 004509 AND OTHER UNNAMED POLICE OFFICERS then handcuffed Plaintiff and improperly searched his persons and his belongings.

16. Plaintiff was then taken to the 44th Precinct where he was photographed, fingerprinted and placed in a cell.

17. Defendants then transported Plaintiff to the Bronx Criminal Court where he eventually was brought before a Judge.

18. Defendants charged Plaintiff with various criminal acts under Docket No.: 2013BX049221.

19. Plaintiff was released from Arraignment Court approximately twenty-four (24) hours after being arrested after being required to post one thousand ($1,000.00) Dollars bail.

20. The Defendant's stop of Plaintiff was without reasonable suspicion and without any justification in law or in fact.

21. Defendant's seizure and detention of Plaintiff was without probable cause and without justification in law or in fact.

22. As of the filing of this Complaint, Plaintiff appeared in Court approximately twenty five times.

23. On July 11, 2016, all criminal charges filed against Defendant were dismissed by Judge
Grasso of Part MSG of Bronx Criminal Court.

24. As a result of the false arrest of Plaintiff by Defendants, Plaintiff demands judgment
against the Defendants and was damaged in the amount of Five Hundred Thousand
($500,000) Dollars.

## AND AS FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats all the allegations contained in paragraphs "1" through "24" inclusive as
though more fully set forth herein.

26. As a result of Defendants' actions, Plaintiff was falsely detained and imprisoned and
suffered injuries as described aforesaid.

27. That at the time of Plaintiff's imprisonment, Defendants, their agents, servants and/or
employees knew or should have known that Plaintiff should not have been detained,
handcuffed and/or imprisoned.

28. That the Defendants, their agents, servants and/or employees failed, refused or neglected to
undertake any measures which could have prevented Plaintiff's detention and/or resulted
in Plaintiff's release.

29. In view of the foregoing, Plaintiff has been damaged in the amount of Five Hundred
Thousand ($500,000) Dollars.

## AND AS FOR A THIRD CAUSE OF ACTION

30.  Plaintiff repeats all the allegations contained in paragraphs "1" through "29" inclusive as though more fully set forth herein.

31. Defendants assaulted Plaintiff when they performed the actions as described above.

32. Defendants intended to cause injury to Plaintiff and caused said injury.

33. In view of the foregoing, Plaintiff has been damaged in the amount of Five Hundred Thousand ($500,000) Dollars.

## AND AS FOR A FOURTH CAUSE OF ACTION

34. Plaintiff repeats all the allegations contained in paragraphs "1" through "33" inclusive as though more fully set forth herein.

35. That the Defendants, their agents, servants and/or employees initiated a criminal prosecution against the Plaintiff.

36. That the Defendants, their agents, servants and/or employees knew, or should have known, that there was no probable cause to support the criminal prosecution.

37. That the Defendants, their agents, servants and/or employees brought the criminal prosecution out of malice toward Plaintiff.

38. The Defendants' malicious intent is evidenced by the fact that their arrest and prosecution was for the sole purpose of trying to teach Plaintiff a "lesson" and to exert control over Plaintiff.

39. The Defendants malicious intent is evidenced by the fact that they contrived crimes to justify the unlawful arrest and prosecution of Plaintiff.

40. As a result of the malicious prosecution of Plaintiff by Defendants, Plaintiff demands judgment against the Defendants and was damaged in the amount of Five Hundred Thousand ($500,000) Dollars.

## AND AS FOR A FIFTH CAUSE OF ACTION

41. Plaintiff repeats all the allegations contained in paragraphs "1" through "40" inclusive as though more fully set forth herein.

42. The Defendants, their agents, servants and/or employees, were acting "under color of state law" as defined in 42 U.S.C. 1983 et seq. in committing the acts alleged herein.

43. In performing that acts as aforesaid, the Defendants deprived Plaintiffs of their civil and constitutional rights as defined by 42 U.S.C. 1983 et seq. and the law interpreting said section.

44. Defendants' actions were part and parcel of a continuing and ongoing course of conduct as well as a concerted plan and scheme to abuse those Hispanic and minority persons who were deemed powerless to stand up to Defendants, to consider Plaintiff and others targets for that abuse because of their minority status and to seize evidence of police abuse and destroy said evidence thereby allowing officers who committed crimes to avoid punishment and prosecution and to avoid disciplinary actions that would result in suspensions and possible removal from the police force.

8

45.      As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

**JURY DEMAND**

46.      Plaintiff hereby demands trial by jury of all issues.

**PRAYER FOR RELIEF**

**WHISEFORE,** Plaintiff prays for relief as follows:

1.      This Court issue a declaration that defendants have violated the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2.      That the jury finds and the Court adjudge and decree that Plaintiff, RAYMOND RODRIGUEZ shall recover compensatory damages in the sum of not less than Five Hundred Thousand ($500,000.00) Dollars against all defendants jointly and severally.

3.      Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4.      Require the Defendants to pay Plaintiff punitive damages; and

5.      Order any other relief the Court deems appropriate.

Dated:   August 16, 2016

ELLIOT H. FULD (EHF 8389)
Attorney for the Plaintiff
930 Grand Concourse-Suite 1G
Bronx, New York 10451
(718) 410-4111